UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-01881-R (SK) | Date | March 12, 2018 |
|---|---|---|---|
| Title | Reginald Holmes Jr. v. W.L. Montgomery | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|

| Connie Lee | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE RE: MIXED PETITION AND UNTIMELINESS**

On June 23, 2017, in a related action, Petitioner filed a petition under 28 U.S.C. § 2254 raising six claims, including claims alleging prosecutorial and police misconduct, that had not been exhausted in state court. (Case No. 17-cv-4651, ECF No. 1). That petition was voluntarily dismissed without prejudice so that Petitioner could exhaust his state court remedies. (Case No. 17-cv-4651, ECF Nos. 9–10). Petitioner has now returned with a newly-filed petition with four claims, but at least two of those include the same unexhausted police misconduct and prosecutorial misconduct claims raised in the previous petition. (ECF No. 1 at 3). Petitioner presents no evidence, and the Court finds none, that he has exhausted these claims in state court after the dismissal of his first petition.[1]

Federal courts may not grant habeas relief to a petitioner held in state custody unless the petitioner has exhausted available state court remedies as to each claim presented in the federal petition. *See* 28 U.S.C. § 2254(b)(1)(A). To satisfy the exhaustion requirement, a habeas petitioner must "fairly present" his federal claim to the state courts, that is, give them a fair opportunity to consider and correct alleged violations of the petitioner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Peterson v. Lampert*, 319 F.3d 1153, 1155–56 (9th Cir. 2003) (en banc). A state prisoner seeking relief with respect to a California conviction is required to exhaust his federal claims in a complete round of direct appeals or state habeas proceedings up to and including the California Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

If a federal petition contains both exhausted and unexhausted claims, it is deemed a mixed petition that must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 518–19 (1982). Therefore, a habeas action with a mixed petition cannot proceed unless either the petition is amended to strike the unexhausted claims, *see Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014), or a stay of the action is obtained by satisfying the requirements of *Rhines v. Weber*, 544 U.S. 269 (2005). A *Rhines* stay is "available only in limited circumstances," *id.* at 270,

---

[1] The Court takes judicial notice of the public records of Petitioner's direct appeals, state habeas petitions, and prior federal habeas petition. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-01881-R (SK) | Date | March 12, 2018 |
|---|---|---|---|
| Title | Reginald Holmes Jr. v. W.L. Montgomery | | |

where the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. Alternatively, if the statute of limitations under 28 U.S.C. § 2244(d) has not lapsed, a petitioner remains free to voluntarily dismiss the mixed petition without prejudice, return to state court to fully exhaust his claims, and then file a fully-exhausted petition before the expiration of the limitations period. *See Rose*, 455 U.S. at 518.

Additionally, the new petition appears untimely. The California Supreme Court denied review of Petitioner's direct appeal on July 13, 2016, and because Petitioner did not file a petition for certiorari to the U.S. Supreme Court, his conviction became final 90 days later, on October 11, 2016. *See* 28 U.S.C. § 2101. AEDPA imposes a one-year statute of limitations that is not tolled for the period during which a § 2254 petition is pending in federal court. *See* 28 U.S.C. § 2244(d); *Duncan v. Walker*, 533 U.S. 167, 121 (2001). While the first petition was timely, it did not toll the limitations period, so it is Petitioner's burden to establish that statutory or equitable tolling applies to the instant Petition or that a later accrual date should be used for purposes of calculating the limitations period. *See* 28 U.S.C. § 2244(d); *Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012). Nothing on the face of the Petition meets that burden, and all judicially-noticeable evidence indicates that the current Petition is time-barred. *See also McQuiggin v. Perkins*, 569 U.S. 383, 384 (2013) (actual innocence claims only overcome statute of limitations when based on newly discovered evidence).

Therefore, Petitioner is ORDERED TO SHOW CAUSE **on or before April 13, 2018** why the Court should not dismiss the Petition as untimely and for failure to exhaust state court remedies as to each claim presented. To satisfy and discharge this Order to Show Cause, Petitioner must first show that his Petition is timely. If Petitioner can overcome this timeliness barrier, he may then either provide evidence that he has fully exhausted all claims or file an amended petition that deletes his unexhausted claims. An amended petition should be entitled First Amended Petition, contain only the exhausted claims, and be complete in itself without reference to the original petition.

**If Petitioner does not file a timely response to this Order to Show Cause, Petitioner is advised that the Court will recommend involuntary dismissal of the Petition for failure to prosecute and/or obey court orders.** *See* Fed. R. Civ. P 41(b); L.R. 41-1.

**If Petitioner no longer wishes to pursue this action or seeks to return to state court to fully exhaust within the time allowed by the statute of limitations, he may voluntarily dismiss the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a) by filing a "Notice of Dismissal."** The Clerk is directed to provide Petitioner with a Notice of Voluntary Dismissal Form CV-009.